# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ERICH WILLIAMS and
SHIRLEY WILLIAMS                                                                            PLAINTIFFS

V.                                    NO. 3:19-cv-152 JM

BANK OF AMERICA, N.A., and
WILSON & ASSOCIATES, PLLC,                                                                  DEFENDANTS

## ORDER

Pending are a motion to dismiss filed by Wilson & Associates, PLLC ("Wilson") (ECF No. 8) and a motion to dismiss filed by Bank of America, N.A. ("Bank of America") (ECF No. 15). Plaintiff has only responded to the latter. Both motions are ripe for consideration.

Plaintiffs Erich and Shirley Williams filed a Verified Petition for Temporary Restraining Order in the Circuit Court of Crittenden County, Arkansas, on May 2, 2019, seeking to stop to a non-judicial foreclosure sale of their home from occurring on May 6th. The action arises out of a Plaintiffs' bankruptcy action and Plaintiffs' allegations that Plaintiffs' current loan servicer (not named as a party) improperly collected fees in violation of a bankruptcy order. Bank of America removed the case to this Court on May 17, 2019 on the basis of diversity[1] and also federal questions arising from Plaintiffs' citation to violations of several federal bankruptcy court mandates as grounds for setting aside the foreclosure of their property.

Wilson filed a motion to dismiss for failure to state a claim for relief that is plausible on its face, relying on the familiar standards set forth in *Aschraft* and *Twombly*. Specifically, Wilson argues that while it does not appear that Plaintiffs have alleged any claim against it, to the extend certain allegations *could* pertain to it, the claims would be barred by the provisions of

---

1 Bank of America argues that joinder of Wilson & Associates is improper and must be disregarded for removal purposes, but Wilson & Associates subsequently consented to the removal.

Ark. Code Ann. § 16-22-310(a), which provides in relevant part that no attorney shall be civilly liable for conduct in connection with the attorney's professional services to persons within whom the attorney is not in privity of contract, including attorneys appointed as part of a non-judicial foreclosure pursuant to Ark. Code Ann. § 18-50-101, *et seq*. There are some exceptions, but none that are put forth by Plaintiffs. Plaintiffs and Wilson are not in privity of contract with each other. Wilson also argues that it was acting in capacity as counsel and attorney-in-fact for the bank and could only act on the authority granted by its principal; therefore, its presence as a party is not necessary to grant injunctive relief. Plaintiff wholly failed to respond to this motion. After consideration of the arguments raised therein in conjunction with the Verified Petition for Temporary Restraining Order, the Court finds that Wilson's motion is well taken and will be granted.

Bank of America also filed a motion to dismiss for failure to state a claim and lack of subject matter jurisdiction. First, Bank of America argues that Plaintiffs have yet to file a complaint sufficient to initiate a civil action. To the extent the petition for temporary restraining order is read as a complaint, it fails to allege any actionable conduct by Bank of America or to state a claim for which relief can be granted. Finally, Bank of America argues that since the non-judicial foreclosure has been cancelled, the petition is moot and should be dismissed for lack of subject matter jurisdiction.

The Court will consider the Verified Petition for Temporary Restraining to be a complaint. The complaint alleges that Plaintiffs purchased the property at 1300 Baywood Circle in West Memphis on August 14, 2009. The purchase was subject to a deed of trust held by Pulaski Bank & Trust Company. They filed Chapter 13 bankruptcy on July 26, 2011 and received an order of discharge on November 20, 2018. A bankruptcy court order was entered to

the effect that Plaintiffs remain $3,789.36 in arrears on their mortgage owed to PennyMac Loan Services, LLC ("PennyMac") as servicer for Bank of America. Plaintiffs allege that PennyMac has disregarded the order of the bankruptcy court and has included corporate advances that were in violation of the bankruptcy orders and Rule 3002.1. The complaint concludes with a request that the sale be cancelled "until all proper parties are joined and are in privity of contract with Plaintiffs." Plaintiff further ask that they be allowed to stay in the home until a hearing can be had before this Court.

A complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief" to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2). Specific facts are not required; the complaint must simply "'give the defendant fair notice of what ... the claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As argued by Bank of America, there are simply no allegations of wrongdoing by it, much less any that pass the *Twombly* and *Ashcraft* standards. Furthermore, the non-judicial sale scheduled for May 2, 2019 was cancelled. There is no other relief sought by Plaintiffs in their

pleading that they have not already received. The issue is moot as there is no pending controversy. *Cravens v. New Century Mortg. Co.*, No. 4:11CV00289 SWW, 2011 WL 5085299, at *2 (E.D. Ark. Oct. 26, 2011).

In conclusion, the motions to dismiss filed by Wilson & Associates, PLLC (ECF No. 8) and Bank of America, N.A. (ECF No. 15) are both GRANTED.

DATED this 19th day of September, 2019.

UNITED STATES DISTRICT JUDGE